Dear Mr. Hoffert:
This opinion is in response to your question asking:
 Does Senate Bill 247, Section 2.2(3), Vernon's Missouri Legislative Service 1979, No. 2, p. 367, impose the duty on a county collector to make deductions from tax collections accruing to political subdivisions for the year 1979 to allay reassessment costs for the succeeding year when the county's plan for general assessment has yet to be developed by the county and approved by the State Tax Commission?
You also state:
 In its last session, the General Assembly passed Senate Bill No. 247, which was subsequently signed into law by the Governor. The Act provides a mechanism for the partial state funding of reassessment costs. If the county decides to incur reassessment expenses within 4 specified categories pursuant to a plan approved by the State Tax Commission, the political subdivisions of the county must make a proportionate contribution as outlined in S. B. 247. S. B. 247 imposes the duty on the county collector to deduct from tax collections each political subdivision's proportionate share of these reassessment expenses which are included in an approved plan for the county. However, with the possible exception of St. Louis County, no county will have an approved plan prior to January 1980.
 The Newton County Clerk has asked whether the deductions from tax collections must be made starting in December, though no reassessment plan has been approved.
Although the legislation to which you refer is in fact a combination of Senate Bill No. 247 and Senate Bills Nos. 333 and 254, we will refer to it here as Senate Bill No. 247, 80th General Assembly.
Section 2 of such law provides:
 2. A county ordered to perform a general reassessment by the Commission or a court shall be reimbursed for all reasonable costs expended pursuant to a general reassessment plan approved by the Commission in the manner hereinafter set forth:
. . . .
 (3) An additional twenty-five percent from all taxing jurisdictions within the county, including the county but not the state, for reasonable costs actually incurred pursuant to an approved plan which are incurred for the expenses specified in subdivision (4) of this subsection. The amount to be paid by each taxing jurisdiction shall be on the percentage basis that the tax proceeds received by such taxing jurisdiction for the preceding year bears to the total tax proceeds received by all such taxing jurisdictions within the county during that same preceding year. The County Collector shall estimate the costs which will be incurred pursuant to the approved plan for the following year and which are allocable to local taxing jurisdiction [sic]. A percentage of all ad valorem property tax collections allocable to each taxing authority, except the state, based on the percentage basis determined as provided in this subdivision shall be deducted by the collector from the collections of taxes due on December 31 of that year. The collector shall bill any taxing authority collecting its own taxes for that taxing authority's proportionate share of the costs incurred pursuant to the approved plan. Such taxing authority shall pay its proportionate share out of such funds as the governing body of that taxing authority may designate. Funds so deducted or paid shall be deposited in the fund provided for in subsection 7. Any amount which is attributable to deductions under this subdivision remaining in the fund each year after payment of all costs shall be paid to the taxing authorities from which it was derived on the same percentage basis as it was deducted originally.
 (4) The additional reimbursement for costs referred to in subdivisions (2) and (3) of this subsection shall be limited to costs approved by the Commission pursuant to an approved plan which are incurred for: . . . .
It is clear that subsection (3) of section 2 of the law provides that the county collector shall estimate the costs which will be incurred pursuant to the approved plan for the following year and which are allocable to local tax jurisdictions. We are advised, however, that at the current time only one county in the state is under an order to submit a plan for general reassessment, i.e., St. Louis County, and the plan which that county has submitted to the commission has not yet been approved. We are also advised that the other counties in the state are currently undergoing a process of hearings, and it is relatively certain that all counties in the state will be ordered to submit general plans for reassessment in 1980 and that expenses will be incurred pursuant to these plans during that year.
In view of your statement that it appears that all counties in the State will be ordered to submit plans for reassessment in 1980 and that expenses will be incurred pursuant to those plans during 1980, it is our opinion that the county collectors are required to make the deduction allocable to each taxing authority, except the State, from collection of taxes due December 31, 1979, based on each collector's estimate of the costs which will be incurred pursuant to the approved plan of his or her county.
The estimate of the costs of an approved plan for 1980 cannot be exactly or precisely determined at present but each collector must make his or her estimate based upon the fact that it appears certain that during 1980 there will be plans approved and expenses incurred pursuant to such plans.
CONCLUSION
It is the opinion of this office that under the provisions of Senate Bill No. 247, 80th General Assembly, county collectors are required to deduct from property tax collections for each taxing authority, except the State, each authority's share of the estimated costs incurred under reassessment plans approved by the State Tax Commission. The first deduction is to be made from taxes due December 31, 1979.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, C. B. Burns, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General